IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND DAVID MAIXNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1027-W |
| | ) | |
| JAMES RUDEK, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response [Doc. No. 11], and Petitioner has filed a reply [Doc. No. 14]. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the following reasons, it is recommended that the petition be denied.

I.   **Procedural Background and Grounds for Relief**

Following a jury trial in Case No. CF-2006-7493 in the District Court of Oklahoma County, Petitioner was convicted on counts of unauthorized use of a motor vehicle, attempted aggravated eluding a police officer, possession of a firearm after former felony convictions, and resisting arrest. He was sentenced on these convictions to consecutive sentences of five years of imprisonment, twelve years of imprisonment, fifteen years of imprisonment, and one year of imprisonment, respectively. Response at 1-2.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA) raising five points of error, three of which he has asserted in the instant case. *See*

Response, Ex. 1 (Brief of Appellant). The OCCA addressed the merits of Petitioner's claims and affirmed the convictions on May 18, 2010. Response, Ex. 3 (Summary Opinion, Case. No. F-2009-175, Oklahoma Court of Criminal Appeals).

In this habeas action, Petitioner asserts the following grounds for relief:

1. The trial court's failure to require the state to provide a race neutral explanation for the exercise of its peremptory challenges against minority jurors violated Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by denying him trial by an impartial jury composed of a fair cross section of the community;

2. The state presented insufficient evidence to support Petitioner's convictions in violation of the Due Process Clause; and

3. The admission into evidence of statements made by Petitioner to the police violated Petitioner's constitutional rights in that the waiver of his right to remain silent was not knowing and voluntary.

## III. Standard of Review

Petitioner's grounds for relief, all of which have been adjudicated on the merits by the OCCA, are subject to the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Turrentine v. Mullin*, 390 F.3d 1181, 1188 (10th Cir. 2004). AEDPA dictates that this Court may grant Petitioner habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[1] Under this standard, judicial review

---

[1]The Petition offers no argument to support the conclusion required by AEDPA that the decision by the OCCA was legally or factually unreasonable; rather, Petitioner simply urges the argument made (continued...)

is directed to the result of the state appellate court's decision not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004) ("[W]e defer to the [state court's] decision unless we conclude that its result – not its rationale – is 'legally or factually unreasonable.'"). There is no text in the statute requiring that a state court's decision include a statement of the reasoning underlying the decision. "The statute refers only to a 'decision,' which resulted from an 'adjudication.'" *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 784 (2011).

A state court decision is "contrary to" clearly established federal law for purposes of § 2254 if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases[]" or if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). It is not enough that the state court decided an issue contrary to a federal court's conception of how the rule should be applied; the state court decision must be "diametrically different," "opposite in character or nature," or "mutually opposed" to the Supreme Court decision itself. *Id.* at 406. A state court decision involves an "unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [Supreme

---

[1](...continued)
to the OCCA in his brief on direct appeal. *See* Reply at 7-9 (quoting from Petitioner's brief on appeal, Response, Ex. 1 at 14-17).

3

Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

## IV. Analysis

### A. Ground One: *Batson* Challenge

In Ground One, Petitioner alleges that the prosecution used peremptory challenges to exclude potential jurors on the basis of race in violation of his Fourteenth Amendment due process rights, as determined by the United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79 (1986) and *Powers v. Ohio*, 499 U.S. 400 (1991). As supporting facts for this claim, Petitioner states only that "[t]he State used its second peremptory challenge to strike an African American Male. Defense Counsel objected under Batson v. Kentucky, arguing that the exclusion appears to be racially motivated. With no response from the state, the Court stated, 'okay' and overruled." Petition at 5.

In his direct appeal brief before the OCCA, Petitioner described the circumstances surrounding the State's use of peremptory challenges to exclude three African Americans from the jury:

> [T]he State used its second peremptory challenge to strike an African American male from the jury. Defense counsel immediately made an objection under *Batson*, arguing that the juror, Mr. Curren James, was "similarly situated with so many other jurors" that his exclusion "appears to be racially motivated." (Tr. I 93). The trial court's only response was, "Okay. That's overruled. Go ahead." (Tr. I 93).
>
> The State later used its fifth peremptory challenge to remove an African American female from the jury. Once again defense counsel made the necessary *Batson* objection, and the trial court, once again, failed to require the State to provide the necessary race-neutral reason for the excusal. In fact, after this objection, the State attempted to speak but was cut off by the trial court. (Tr. 1 94).
>
> Finally, the State used its one alternate juror peremptory challenge against Mrs. McDade, an African American female. Defense counsel made a *Batson* objection, and the trial court overruled it without even a word from the State. In this exchange, the trial court appeared to be offering its own race-neutral reason for the State's Strike.
>
> THE COURT: She's just a kid is all. (Tr. I 103).

Response, Ex. 1 at 5-6.

Consideration of an objection to the use of peremptory strikes during jury selection, the trial court engages in a three-step analysis. *See Batson*, 476 U.S. at 93-94. First, defendant must make a *prima facie* showing that the strike has been exercised on the basis of race "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Johnson v. California*, 545 U.S. 162, 168 (2005) (*quoting Batson*, 476 U.S. at 93-94). Second, if the *prima facie* showing has been made, the burden shifts to the State to come forward with a race-neutral reason for the strike. *Id.* Third, if a race-

5

neutral explanation is tendered, the trial court must determine whether the opponent of the strike has shown purposeful discrimination. *Id.*

As noted, under AEDPA, Petitioner is entitled to relief on his *Batson* claim only if the state court's determination is "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Thus, a federal court can only grant [Petitioner's] petition if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge. State court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.'" *Rice v. Collins*, 546 U.S. 333, 338-339 (2006) (*quoting* 28 U.S.C. § 2254(e)(1)).

The OCCA considered the merits of Petitioner's *Batson* challenges and determined that Petitioner had "failed to make a *prima facie*" showing that the prosecutor had "exercised peremptory strikes against African American jurors for discriminatory purposes" and, that the "trial court implicitly made this finding when it overruled Appellant's objections without requiring the articulation of a race-neutral reason for the peremptory strikes." Response, Ex. 3 at 2-3. The OCCA explained its finding that the trial court had not abused its discretion in failing to require a race-neutral explanation for the peremptory challenges:

> In each of the challenged instances, it was apparent that the State struck the prospective juror for race-neutral reasons related to this case. One of the prospective African American jurors in question was very young. The other prospective African American jurors had friends or acquaintances who had been convicted of various crimes. The State removed several non-minority

jurors for the same reasons. [Petitioner] has not shown a violation of *Batson* in the state's use of peremptory challenges.

Response, Ex. 3 at 3.

The record clearly supports the OCCA's decision. Prior to excusing Mr. James,[2] the State had excused another juror who had a family member with a prior conviction. T. Tr. I at 88, 93. Moreover, it was reasonable for the OCCA to conclude that the trial judge's failure to require an explanation for the peremptory strikes, simply reflected the trial court's implicit conclusion that the petitioner had failed to establish a prima facie case of discrimination. *See Saiz v. Ortiz*, 392 F.3d 1166, 1178 (10th Cir. 2004)("We may infer from the trial court's decision not to go on to step two of the *Batson* analysis (asking the prosecution to explain its peremptory strike) that it concluded that Saiz had failed to establish a *prima facie* case of discrimination . . . .").

Petitioner has not demonstrated that the OCCA's decision was an unreasonable application of *Batson*. It is therefore recommended that habeas relief be denied as to Ground One.

B. **Sufficiency of the Evidence**

---

[2]The record supports the OCCA's conclusion that the challenged strikes of the other two jurors were also based on race-neutral reasons. Ms. McDade, the alternate juror was only 18 years old. T. Tr. I, 98. The subject of the state's fifth peremptory strike, Dr. Johnson, had previously challenged a traffic ticket which resulted in what she described as an unsatisfactory experience with a district attorney and an untruthful police officer. T. Tr. I, 49. Dr. Johnson also advised that she had a cousin who had been convicted of murder. *Id.*, 90.

In his second ground for habeas relief, Petitioner contends that his right to due process was violated because the evidence presented at trial was insufficient to support his convictions for attempted aggravated eluding and for possession of a firearm after former conviction of a felony.

The Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt if every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In reviewing a habeas challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Review under *Jackson* "is sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008) (quotations and alterations omitted).

Petitioner argued to the OCCA that he did not endanger any other person while he was attempting to elude police[3] because, as the two police officers involved in the high speed

---

[3] The crime of Attempted Aggravated Eluding a Police Officer requires proof that a driver of a motor vehicle, who, having been subjected to a red light and siren from a peace officer in a vehicle shown to be an official police vehicle and directed to bring his vehicle to a stop, willfully attempted to elude the officer by increasing his speed, extinguishing his lights, or in any other manner, and in so doing, endangered another person. Okla. Stat. tit. 21, §540A(B). Petitioner challenges only the sufficiency (continued...)

chase testified, there was no other traffic in the area at the time of the chase. Response, Ex. 1 at 9. The State argued in response that the officers themselves had been endangered by Petitioner's attempt to elude the police. *Id.* On direct appeal, Petitioner claimed that the OCCA had "yet to define" the meaning of the phrase, "endangered another person[,]" and he submitted that "the legislature intended the 'another person' to be someone other that police officers" unless "at the very least" the fleeing driver actually took some "action meant to injure or endanger the lives of police officers." *Id.* at 8-9. Petitioner thus suggested to the OCCA that "this just was not the type of situation envisioned by the legislature when they enacted 21 O.S. §§ 540A (B)." *Id.* at 9.

Petitioner claims that the evidence was insufficient to support his felon in possession conviction because the State proved only that the weapon was found in the car Petitioner was driving,[4] and no evidence was introduced to prove that the firearm could discharge a projectile. *Id.* at 10.[5]

---

[3](...continued)
of the evidence that he endangered another person.

[4] Officer Spillman testified at trial that Petitioner admitted that the firearm found in his car, a sawed-off rifle, belonged to him and that he was a felon. T. Tr. II, 75. Petitioner himself testified that he had purchased the gun which was found in his car and that he had six prior convictions. T. Tr. II, 193, 197-99.

[5] Oklahoma law prohibits any person convicted of any felony in any court from possessing any type of firearm. *See* Okla. Stat. tit. 21, §1283. The OCCA has held that "whether or not the pistol is capable of firing is not an element that must be proven to sustain a conviction under Section 1283." *Sims v. State*, 762 P.2d 270, 272 (Okla. Crim. App. 1988).

The OCCA affirmed his convictions, rejecting Petitioner's claims of insufficient evidence:

> In his second proposition, Appellant contends that the State presented insufficient evidence to support his convictions for attempted aggravated eluding a police officer and possession of a firearm after former felony conviction. The governing standard for sufficiency of the evidence on appellate review is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We find the State presented sufficient evidence to establish the essential elements of the charged offenses.

Response, Ex. 3 at 3 (citations omitted).

The OCCA identified and applied the correct legal standard to Petitioner's challenges to the sufficiency of the evidence. Moreover, Petitioner's challenges to the sufficiency of the evidence are grounded in state law, and the OCCA's interpretation of state law, including the intent of the legislature in passing a law, is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citations omitted); *Anderson-Bey v. Zavaras*, 641 F.3d 445, 448-449 (10th Cir. 2011). The record supports the OCCA's decision that the evidence was sufficient to support Petitioner's convictions.

Accordingly, the undersigned finds that the OCCA's decision is neither contrary to, nor an unreasonable application of Supreme Court law. It is therefore recommended that habeas relief be denied as to this claim.

C.   **Admission of Petitioner's Statements to Police**

Petitioner's final challenge to his convictions is based on his claim that statements he made to police officers were inadmissible because the statements were not knowingly and voluntarily made. Petition at 9. In support of this claim Petitioner asserts that at the time he made the statements, he was in the hospital "with probes still stuck in his check from being tazed [sic] by Police, and he had just eaten a large quantity of ice cocaine, and was beaten by the police several times . . . ." *Id.*

The Tenth Circuit has held:

> Whether a confession was voluntary depends upon the totality of the circumstances, including the crucial element of police coercion, the length of the interrogation and its continuity, the defendant's maturity, education, physical condition, and mental health, and the failure of the police to advise the defendant of his rights to remain silent and to have counsel present during the custodial interrogation.

*Mitchell v. Gibson*, 262 F.3d 1036, 1059 (10th Cir. 2001) (internal citations and quotations omitted). *See also Withrow v. Williams*, 507 U.S. 680, 689 (1993) (Court employs totality-of-circumstances approach when addressing claim that introduction of involuntary confession has violated due process).

The trial court held a pre-trial hearing pursuant to *Jackson v. Denno*, 378 U.S. 376 (1969) to determine the voluntariness of Petitioner's statements. Sergeant Spillman testified that he took Petitioner to the hospital after his arrest to have the taser probes removed. T. Tr. I, 111. According to Officer Spillman, Petitioner was alert and did not seem to be under the influence of alcohol or drugs. *Id.* Officer Spillman read Petitioner his Miranda rights and

11

Petitioner waived his right to an attorney and agreed to speak with him. *Id.* at 112. At the time Petitioner made his statement, he had been admitted to a hospital room but had not received any treatment. *Id.* Petitioner was handcuffed, but Officer Spillman, who was the only officer present, denied having threatened or coerced Petitioner in any way. *Id.* at 112-13. In response to Officer Spillman's question about why he ran, Petitioner answered that he was scared; he also admitted that he had a gun and was a felon. T. Tr. I, 111-114. The interview lasted for 30 seconds to a minute. *Id.* at 113. Officer Spillman testified that in addition to the use of the taser gun, officers used physical force, including blows with their fists, to take custody of Petitioner. *Id.* at 115-18. The trial court overruled Petitioner's motion to suppress the statements, finding the statements were voluntary and thus admissible.

On appeal, the OCCA affirmed the trial court's decision, finding:

> In his third proposition of error, Appellant contends that his statements to police were involuntary and therefore inadmissible. The voluntariness of a purported waiver of a defendant's rights "is judged from the totality of the circumstances, including the characteristics of the accused and the details of the interrogation." *Davis v. State*, 2004 OK CR 36, ¶ 33, 103 P.2d 70, 80. When an alleged waiver of rights is challenged, the State must show that the waiver "was the product of a free and deliberate choice rather than intimidation, coercion, or deception . . . made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* The State presented testimony here that established, from the totality of the circumstances, the voluntariness of Appellant's waiver of his *Miranda* rights and his subsequent incriminating statements. The statements were, therefore, properly admitted at trial.

Response, Ex. 3 at 4.

The OCCA reviewed the decision of the trial court under the appropriate standard and, based on the totality of circumstances, determined that Petitioner's statements were properly admitted at trial. Such decision was neither contrary to, nor an unreasonable application of Supreme Court law. It is therefore recommended that the habeas relief be denied on this claim.

## **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be denied. The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of this Court by January 30th, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this 10 day of January, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE