IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

FEB 15 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| RAYMOND DAVID MAIXNER, | ) |
| Petitioner, | ) |
| vs. | ) No. CIV-10-1027-W |
| JAMES RUDEK, Warden, | ) |
| Respondent. | ) |

## ORDER

On January 10, 2012, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Raymond David Maixner be denied. Maixner was advised of his right to object, and the matter now comes before the Court on Maixner's Objection to Report and Recommendation. See Doc. 20. Upon review of the record,[1] the Court concurs with Magistrate Judge Roberts' suggested disposition of this matter.

In February 2009, Maixner was tried by a jury in the District Court of Oklahoma County, Oklahoma. State v. Maixner, No. CF-06-7493. The jury acquitted him of the charge of robbery with a firearm as set forth in Count 1 of the Information. Maixner was found guilty of the four remaining counts: unauthorized use of a motor vehicle, attempted

---

[1] Magistrate Judge Roberts recommended the denial of the three grounds for relief asserted in Maixner's Petition. See Doc. 19. Maixner has objected only to her recommendation regarding ground two, see Doc. 20 at 3-5, and the Court has conducted a de novo review of the record with regard to that claim for relief.

In the absence of an objection with regard to grounds one and three, the Court has reviewed the Report and Recommendation under only a "clear error" standard. E.g., Thomas v. Arn, 474 U.S. 140, 150 (1985)(Congress did not intend to require district court to review magistrate's factual or legal conclusion under any standard when neither party objects).

aggravated eluding a police officer, and possession of a firearm, after conviction of a felony, as well as resisting arrest, a misdemeanor. Maixner was sentenced, respectively, to terms of imprisonment of five (5) years, twelve (12) years, fifteen (15) years and one (1) years, said terms to be served consecutively. See Doc. 1-2 at 1.

Maixner appealed, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentences. Maixner v. State, No. F-2009-175 (Okla. Crim. May 13, 2010).

Because the three grounds for relief asserted by Maixner in his Petition have been addressed by the OCCA, this Court plays a "secondary and limited," Romero v. Furlong, 215 F.3d 1107, 1111 (10th Cir. 2000), role under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and may only grant habeas relief if the OCCA's adjudication of Maixner's claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

Maixner first argued in his Petition[2] that the prosecutor used his peremptory challenges in a racially discriminatory manner in violation of the United States Supreme Court decision Batson v. Kentucky, 476 U.S. 79 (1986). The Court finds that the OCCA's rejection of Maixner's claim, after finding that he had failed to make a prima facie showing that the prosecutor had excluded prospective jurors for discriminatory purposes, did not

---

[2] In his Objection to the Report and Recommendation, Maixner has "concede[d] that [this ground for relief is] without merit." Doc. 20 at 3. See n.1 supra.

2

result from an unreasonable application of, and was not contrary to, the Supreme Court's holding in Batson.

The Court further finds that the OCCA's rejection of Maixner's challenges to the sufficiency of the evidence in support of his convictions for attempted aggravated eluding a police officer and possession of a firearm, after former felony conviction, is not unreasonable in light of the evidence presented at trial.[3] See Jackson v. Virginia, 443 U.S. 307, 319 (1979)(in reviewing challenge to sufficiency of evidence, relevant question is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found essential elements of crime beyond a reasonable doubt).

Finally, under the "'highly deferential standard [imposed by AEDPA] for evaluating state-court rulings,'" Felkner v. Jackson, 131 S. Ct. 1305, 1307 (2011)(quoting Renico v. Lett, 130 S. Ct. 1855, 1862 (2010)), the Court has considered Maixner's allegations in his

---

[3]In his Objection to the Report and Recommendation, Maixner has abandoned his contention that the evidence was insufficient to support his conviction on the charge of possession of a firearm, after former felony conviction, and his resulting sentence. See Doc. 20 at 4. As to the charge of attempted aggravated eluding of a police officer, Maixner has admitted that he attempted to elude the officers, but has denied that the element of aggravation–acting in such a "manner as to endanger any other person," 21 O.S. § 540A, was proven. Maixner has specifically contended that "there was no one endanger[ed] . . . [a]s the officers testified at trial there was no traffic," Doc. 20 at 4, and because he "took [no] . . . action towards the officers with the intentions to injure or endanger the[ir] lives . . . ." Id.

On direct appeal, Maixner argued "that the [Oklahoma] legislature intended the 'another person' to be someone other than police officers, or at the very least, the legislature intended for this charge to only be used if the defendant actually made any action meant to injure or endanger the lives of the police officers." Response to Petition, Exhibit 1 at 8-9. And because "[n]either situation occurred in th[is] . . . case," the State failed to prove an essential element of this crime. Id. at 9.

The police officers, Sergeant Chris Spillman, and Sergeant Jason Samuel, both agreed that there was no traffic in the area. See Volume II, Trial Transcript (February 11, 2009) at pp.55, 77, 125. The State however argued that the officers themselves were in danger due to the high rate of speed (70-90 miles per hour). See id. at pp. 190-91.

The OCCA's affirmance of Maixner's conviction and sentence on this charge based upon this evidence involved the interpretation of state law. Such interpretation is binding on this Court. E.g., Bradshaw v. Richey, 546 U. 74, 76 (2005).

3

Petition regarding the admission of the statements he made to police officers.[4] The OCCA found, after consideration of "'the totality of the circumstances, including the characteristics of the accused and the details of the interrogation,'" Doc. 1-4 at 4 (quotation omitted), that the evidence "established . . . the voluntariness of [Maixner's] . . . waiver of his . . . rights [under Miranda v. Arizona, 384 U.S. 436 (1966),] and his subsequent incriminating statements." Id.

This Court finds that the OCCA used the correct standard in determining that Maixner's statements "were . . . properly admitted at trial," id., and that this determination was neither contrary to, nor involved an unreasonable application of clearly established federal law. See Withrow v. Williams, 507 U.S. 680 (1993).

Because Maixner has failed to demonstrate that he is entitled to habeas relief, the Court

(1) ADOPTS the Report and Recommendation [Doc. 19] filed on January 10, 2012;

(2) DENIES the Petition [Doc. 1] file-stamped September 20, 2010; and

(3) ORDERS that judgment in favor of respondent James Rudek, Warden, issue forthwith.

ENTERED this 15th day of February, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[4]Maixner has likewise conceded that this proposition is without merit. See Doc. 20 at 3. See n.1 supra.